IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| KENNETH DOUGLAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-09-792-HE |
| JOHN HILLIGOSS, *et al.*, | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Invoking 42 U.S.C. § 1983, Mr. Kenneth Douglas alleges a deprivation of due process and conspiracy. Civil Rights Complaint Pursuant to 42 U.S.C. sect. 1983 at pp. 2-5 (July 27, 2009) ("Complaint").[1] In response, Defendants Joseph Taylor, John Hilligoss, and Jayme Hilligoss urge dismissal. The Court should grant the motion and order dismissal with prejudice.

The Standard for Dismissal

The Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6). Defendants' Motion to Dismiss and Brief in Support at p. 1 (Nov. 20, 2009) ("Defendants' Motion to Dismiss").

---

[1] In the "nature of the case," Mr. Douglas states that the Oklahoma constitution ensures equal protection under the law. Complaint at p. 2. But the Plaintiff does not invoke jurisdiction under the state constitution, and he expressly relies on the Fourteenth Amendment in Count One. *Id.* at pp. 2, 5. In these circumstances, the Court should not interpret the complaint to include a claim under the state constitution.

In determining whether dismissal is appropriate, the Court considers whether the Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citation omitted). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

## Deprivation of Due Process

Mr. Douglas alleges a demotion in his level based on the "unsupported allegation" that he had stolen food from the kitchen. Complaint at pp. 2-3. The Plaintiff states that he did not receive a disciplinary misconduct and argues that the absence of a hearing involved a denial of due process. *Id.* at p. 3. This claim is invalid as a matter of law.

The Plaintiff is entitled to due process only if he enjoyed a liberty interest in his existing placement at level four in Oklahoma's classification system.[2] No such interest existed. Indeed, less than five months ago, the Western District of Oklahoma squarely held that the state's classification system does not create a liberty interest because of the

---

[2] *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

discretion given to prison officials. *Hines v. Jones*, ___ F. Supp. 2d ___, 2009 WL 3448222, Westlaw op. at 1 (W.D. Okla. Oct. 21, 2009) (Russell, J.). The Plaintiff's arguments do not justify reconsideration of this determination.

A liberty interest can arise in one of two ways:

- imposition of conditions involving an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life,"[3] and

- disciplinary action that inevitably affects the duration of the sentence.[4]

The Plaintiff appears to rely on the first area for the creation of liberty interests, alleging in the petition that his reclassification had resulted in loss of a prison job and restrictions on visitation, telephone use, and recreation. Complaint at p. 3. But none of these results had involved an atypical and significant hardship in relation to the ordinary incidents of prison life. Thus, the Tenth Circuit Court of Appeals has held that a liberty interest is not

---

[3]   *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citations omitted).

[4]   *See Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005).

affected when an inmate loses a prison job[5] or privileges involving visitation,[6] telephone use,[7] or recreation.[8]

According to the Defendant, the Plaintiff had also based his argument for a liberty interest on his opportunity to earn credits at level four. Defendants' Motion to Dismiss at p. 3. The Plaintiff did not present such an argument in the complaint and never responded to the motion to dismiss. Nonetheless, the Court notes that Oklahoma's four-level system could affect the length of confinement through the accumulation of credits. *See* Okla. Stat. tit. 57 § 138(A), (D). In light of the Plaintiff's *pro se* status, the Court could consider *sua*

---

[5] *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996) (*per curiam*) ("prison regulations entitling prisoners to work do not create a constitutional liberty interest because a denial of employment opportunities to an inmate does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" (citation omitted)); *see also Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (*per curiam*) ("The Constitution does not create a property or liberty interest in prison employment." (citations omitted)).

[6] *See Jenner v. McDaniel*, 123 Fed. Appx. 900, 905 (10th Cir. Feb. 17, 2005) (unpublished op.) (holding that an inmate lacked a protected liberty interest in visitation privileges).

[7] *See Robinson v. Gunja*, 92 Fed. Appx. 624, 627 (10th Cir. Feb. 4, 2004) (unpublished op.) (holding that termination of a prisoner's telephone use for legal purposes did not affect a liberty interest); *see also Rodriguez v. General Counsel for the Federal Bureau of Prisons*, 315 Fed. Appx. 79, 80 (10th Cir. Feb. 27, 2009) (unpublished op.) (stating that denial of telephone privileges for 90 days did not affect a liberty interest because of the absence of an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

[8] *See McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality op.) (noting that the Supreme Court had disavowed a liberty interest when a prisoner's transfer had resulted in a loss of recreational programs).

*sponte* whether the possible accumulation of credits would create a liberty interest. If the Court were to entertain this question, however, it would need to answer in the negative.

In Oklahoma, "[c]lassification levels for earned credit vary based on conduct, time served, work assignments, and quality of the inmate's evaluations, among other things." *Verduzco v. State*, 217 P.3d 625, 628 (Okla. Crim. App. 2009) (citing Okla. Stat. tit. 57 § 138(D)). Ultimately, the prison's adjustment review committee enjoys discretion in the consideration of these factors and the ultimate determination of the appropriate classification level.[9] In light of the discretionary nature of this determination, the Tenth Circuit Court of Appeals has held that Oklahoma's classification system does not ordinarily create a liberty interest even though it can affect the accumulation of credits and result in earlier release from confinement. *Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007).

The absence of a liberty interest is fatal to the due process claim.[10] Because the defect is incurable, this claim should be dismissed with prejudice. *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (stating that because no amendment could cure the defect, the district court's dismissal with prejudice was proper).

---

[9] *See Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007) ("[u]nder the applicable scheme [in Oklahoma], an adjustment review committee is vested with discretion to determine a prisoner's classification level based on various subjective factors" (citing Okla. Stat. tit. 57 § 138(D)(1) & (3)).

[10] *See Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007) (holding that reclassification of an Oklahoma prisoner did not result in a due process violation because of the absence of a liberty interest).

## Conspiracy

The Plaintiff also claims a conspiracy to deprive him of due process. Complaint at p. 5. The Defendants argue that absent an underlying constitutional violation, Mr. Douglas cannot state a valid claim for conspiracy. Defendants' Motion to Dismiss at p. 6. Again, they are correct.

The existence of a conspiracy can create civil liability under Section 1983. *See Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). However, a conspiracy claim presupposes the deprivation of a federally protected right. *See Dixon v. Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (to prevail on a conspiracy claim, a plaintiff must prove an actual deprivation of a constitutional right). As a result, a plaintiff must plead not only the presence of a conspiracy, but also the deprivation of an underlying constitutional right.[11] The latter element is absence because of Mr. Douglas' inability to state a valid claim for deprivation of due process. *See supra* pp. 2-5. Thus, the conspiracy claim should also be dismissed without prejudice. *See id*. p. 5.

## Suggested Ruling

The action should be dismissed with prejudice.

---

[11] *See Dixon v. Lawton*, 898 F.2d at 1449 ("we join those courts which have recognized that to recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient" (citations omitted)).

6

### Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by March 15, 2010. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1). The failure to timely object would foreclose appellate review of the suggested ruling.[12]

### Status of the Referral

The present report serves to discharge the existing referral by the presiding district judge.

Entered this 26th day of February, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[12] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").